# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| A-Z ELECTRONICS, LLC | ) | Case No. 05-05758-TLM |
| | ) | |
| Debtor. | ) | MEMORANDUM OF DECISION |
| | ) | |
| _____ | ) | |

**BACKGROUND AND FACTS**

The Office of the U.S. Trustee ("UST") brought a motion to convert or dismiss the above chapter 11 case based on the unauthorized filing of Debtor's chapter 11 petition. Doc. No. 24 ("Motion"). The UST alleges that sufficient "cause" exists under § 1112(b)[1] to support such dismissal.

The UST presented no testimonial or documentary evidence at the time of the scheduled hearing on February 13, 2005. Instead, it relied on the pleadings of record in this case, and certain pleadings in the case of Ron and Lotte Ryan, Case No. 03-04278-TLM. The Court takes judicial notice of its files and records in those cases, Fed. R. Evid. 201, and treats the submissions of the debtors in their

---

[1] All citations herein are to the Bankruptcy Code, 11 U.S. Code §§ 101-1330, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"), since this case was filed after BAPCPA's October 17, 2005, effective date.

MEMORANDUM OF DECISION - 1

respective cases as admissions under Fed. R. Evid. 801. *See In re Field*, 05.1 I.B.C.R. 11 n.2 (Bankr. D. Idaho 2005) (citing *In re Webb*, 03.1 I.B.C.R. 25, 26 (Bankr. D. Idaho 2003)).

Chapter 11 debtor in possession A-Z Electronics, LLC ("Debtor") did not file any response to the Motion, but its counsel did appear at the time of hearing and voiced objection.[2] Debtors did not present evidence at hearing.

Though the record developed by counsel is scant, the Court's review found the operative facts to be clear enough, and undisputed in material regards. The documents of record in the two bankruptcy cases show the following.

Ron Ryan, along with his wife, filed a joint petition for chapter 7 relief, commencing Case No. 03-04278-TLM, on November 21, 2003. In the initial schedule B filed in that case, Ron Ryan claimed to own 100% of A-Z Electronics, LLC, ascribing a value of "$0.00" thereto. *See* Case No. 03-04278-TLM, Doc. No. 6.

Following a conversion and brief foray into chapter 13, the Ryans' case was converted back to chapter 7 on September 8, 2004. Their chapter 7 trustee, Lois Murphy, who was the chapter 7 trustee before the chapter 13 hiatus, filed a "no asset" report on August 25, 2005. The case, however, was not closed. The

---

[2] As might be expected given the lack of a written response to the Motion, Debtor filed no briefing on the issues presented. Then, too, neither did the UST.

MEMORANDUM OF DECISION - 2

Ryans' trustee thereafter "withdrew" her no asset report on October 13, 2005, and continued to administer that case.

On December 18, 2005, Debtor filed a voluntary chapter 11 petition commencing the instant case. The petition was signed by Ron Ryan as Debtor's "managing member." Ron Ryan also signed the list of the 20 largest unsecured creditors and the statement of financial affairs.[3] The response to question 21(b) on the statement of financial affairs indicates that Ron Ryan owns 100% of Debtor. On December 27, 2005, Debtor filed a "statement of operations" stating it "is a single member Limited Liability Company organized under the laws of Idaho. [Debtor] was created on April 8, 2002 with Ron Ryan holding one hundred percent (100%) of the membership interests as member." Doc. No. 21 at 4.

When the petition herein was filed, the Ryans' chapter 7 case was open and pending, and it remains so. When the petition herein was filed, the Ryans' trustee had not abandoned the Ryans' interests in Debtor.[4] The same thus remained

---

[3] The Court has been unable to find a verification of schedules as required by the Rules and Official Forms, but assumes that it would be similarly executed if filed.

[4] Debtors do not argue that the trustee's no asset report effected an abandonment of Debtors' interest in the LLC. Any such argument would be futile given *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1321 (9th Cir. 1991), which held that the filing of a no asset report "in and of itself cannot result in abandonment unless the court closes the case." *See also In re Killingsworth*, 04.3 I.B.C.R. 88, 89-90 (Bankr. D. Idaho 2004) (discussing § 554(c) abandonment of scheduled and unadministered assets "at the time of closing of a case").

MEMORANDUM OF DECISION - 3

§ 541(a) property of the Ryans' estate.[5]  The Ryans did file a motion to abandon under § 554(b) and Fed. R. Bankr. P. 6007 on January 20, 2006.  *See* Case No. 03-04278-TLM at Doc. No. 97.  However, that motion was filed 11 days *after* the UST's Motion in this case.[6]

**DISCUSSION AND DISPOSITION**

As noted, neither party briefed the authorities or provided written legal analysis.[7]  The Court has undertaken an independent review and determines the UST's Motion must be granted and the case dismissed.[8]

The filing of a bankruptcy petition and initiation of a bankruptcy case is governed by the Code.  "A voluntary case under a chapter of [Title 11, U.S. Code] is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."  *See* § 301.  An "entity" includes a "person" as well as others, and a "person" includes an individual, partnership, and corporation. §§ 101(15), 101(41).  With restrictions not implicated in the present case, a person that may be a debtor under chapter 7

---

[5] The Ryans' trustee did not appear or take a position on the UST's Motion to dismiss this chapter 11 case, though she did observe the hearing from the gallery.

[6] The Ryans' motion for abandonment is subject to a separate Memorandum of Decision of this Court entered today in Case No. 03-04278-TLM.

[7] Each cited one reported case during oral argument.  The Court reviewed both cases. They are unhelpful.

[8] This Decision constitutes the Court's factual findings and legal conclusions as required under Fed. R. Bankr. P. 9014 and 7052.

MEMORANDUM OF DECISION - 4

may also be a debtor under chapter 11. *See* § 109(d).

The Code does not establish other prerequisites for filing applicable to this case. Case law and treatise analysis, however, note one:

> When the debtor is a corporation, partnership, or limited liability company, questions may arise as to who within the debtor possesses the requisite authority to verify and file a voluntary petition in the debtor's name. Questions may also arise concerning the process pursuant to which such authority may be exercised.

2 Collier on Bankruptcy ¶ 301.04[7] at 301-11 (Alan N. Resnick & Henry J. Sommer, eds. rev. 15th ed. 2005).

State law, not bankruptcy law, is used to determine whether the party signing the entity petition had the authority to do so.[9] The Court finds an analogous area, that of partnership cases, instructive.

Prior to a revision in 2002, Federal Rule of Bankruptcy Procedure 1004(a) provided that a voluntary petition could be filed on behalf of a partnership by one or more of the general partners if all the general partners consented. The 2002 amendments, however, eliminated subdivision (a) of the Rule (leaving that Rule to address only questions of involuntary partnership petitions). The Advisory Committee Note to this 2002 revision recognizes that the question of who has the authority to file on behalf of the partnership is a matter controlled by substantive nonbankruptcy law. The Note specifically refers to precedent involving corporate

---

[9] *See* 2 Collier ¶ 301.04[7][a] at 301-11 (partnership), ¶ 301.04[7][b] at 301-12 (corporations), ¶ 301.04[7][c] at 301-13 (limited liability companies).

MEMORANDUM OF DECISION - 5

filings, which also applies "applicable nonbankruptcy law" to determine whether authority exists for the commencement of the case.

Collier agrees that the approach taken to partnerships and corporations applies as well to limited liability companies.

> Similar to partnerships and corporations, the requirements for filing a limited liability company ("LLC") bankruptcy will be contained in *state law* and the *governing LLC agreement*.

*Id.* at ¶ 301.04[7][c] at 301-13 (emphasis added).

Limited liability companies are legal entities, created by and under state law, blending attributes of corporations and partnerships. *See In re Real Homes, LLC*, Case No. 05-02051-TLM, Doc. No. 87 at 8 (Bankr. D. Idaho Nov. 25, 2005) (Memorandum of Decision) (discussing *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, 380 (Bankr. D. Or. 2003)); *see also In re Calhoun*, 312 B.R. 380, 383 (Bankr. N.D. Iowa 2004).

In Idaho, limited liability companies are governed by Idaho Code § 53-601, *et seq.* Among other things, the Idaho statutes place management and decisional authority in the hands of the member(s) unless an operating agreement vests it in a manager or managers. *See* Idaho Code § 53-621.

The parties did not provide Debtor's operating agreement to the Court. However since Ron Ryan has testified that he owns 100% of Debtor and since he signed under penalty of perjury all the critical and required documents in this case

MEMORANDUM OF DECISION - 6

as its "managing member," the Court concludes nothing in an operating agreement (if one exists) likely varies the statute's member-controlled approach.[10]

Under Idaho law, a debtor's membership interest in a limited liability company is personal property. Idaho Code § 53-635. It therefore becomes property of the estate upon the filing of debtor's petition. *See* § 541(a)(1). *Accord Calhoun*, 312 B.R. at 384 (applying Iowa law).[11]

What becomes property of the estate when a member of an LLC files bankruptcy depends on the facts. In *In re Garrison-Ashburn, L.C.*, 253 B.R. 700 (Bankr. E.D. Va. 2000), the court considered the impact of the bankruptcy filing of a 50% member in an LLC. *Id.* at 704-08. It observed that such a member-debtor's "economic rights" (the membership interest and its value) fall squarely within § 541(a)(1), but so, too, do his "non-economic rights" (such as the ability to participate in management) because § 541(a)(1) is so broadly – and intentionally – drafted. *Id.* at 707-08.

However, *In re Albright*, 291 B.R. 538 (Bankr. D. Colo. 2003), illustrates

---

[10] The only conceivable variance would be assignment of authority to a non-member manager. If that were the case, Ryan clearly could not properly act for Debtor, including filing the instant petition, and the UST's Motion would still be well taken.

[11] A number of Idaho cases hold that a debtor's interest in a separate legal entity becomes property of the estate, even if the other entity's assets do not. *See*, *e.g.*, *In re Hale*, 04.3 I.B.C.R. 128, 129 (Bankr. D. Idaho 2004) (addressing partner's interest in limited partnership); *Hopkins v. Brossard (In re Neuroscience Ctr., P.C.)*, 04.1 I.B.C.R. 45, 47 (Bankr. D. Idaho 2004) (addressing interests in subchapter S corporation); *In re Brown*, 00.3 I.B.C.R. 123, 123-24 (Bankr. D. Idaho 2000) (addressing interests in a subchapter S corporation); *In re Fisher*, 94 I.B.C.R. 130, 131 (Bankr. D. Idaho 1994) (addressing limited partnership interests).

MEMORANDUM OF DECISION - 7

the difference between a single-member LLC and a multi-member LLC. It found that where "there are no other members in the LLC, . . . the Debtor's bankruptcy filing effectively assigned her entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtained all her rights, including the right to control the management of the LLC." 291 B.R. at 540.[12] The right to control (and not just "participate" in ) management is significant. "Because the Trustee became the sole member of [the] LLC upon the Debtor's bankruptcy filing, the Trustee now controls, directly or indirectly, all governance of that entity, including decisions regarding liquidation of the entity's assets." 291 B.R. at 541.

On the date the petition herein was filed, all the Ryans' interests in Debtor were property of the bankruptcy estate in Case No. 03-04278-TLM.[13] As such, they were subject to the sole and exclusive authority of the Ryans' trustee, and that trustee was the only one entitled to manage Debtor and decide, *inter alia*, whether the LLC would or would not file bankruptcy.[14] She did not make or authorize the

---

[12] Conversely: "Where a single member files bankruptcy while the other members of a multi-member LLC do not, . . . the bankruptcy estate is only entitled to receive the share of profits or other compensation by way of income and the return of contributions to which that member would otherwise be entitled." 291 B.R. at 540 n.7. Of course, depending on applicable state law and the operating agreement, the estate may (via the trustee, *see* § 323(a)) may also be entitled to take part in management.

[13] That Ron Ryan's member interests were property of the estate is clear. There was no affirmative proof concerning any interests of debtor Lotte Ryan in Debtor, though the Court assumes some community property interest at a minimum. This is enough. *See* § 541(a)(2).

[14] In addition to the case law, there are several applicable Code provisions at play. *See* § 323(a) (trustee is the representative of the estate); § 363(b) (trustee's ability to "use, sell, or
(continued...)

MEMORANDUM OF DECISION - 8

chapter 11 filing, she was not consulted or informed of the filing, and her consent to the filing has not been established.[15]

The Court thus concludes Debtor's bankruptcy petition was not properly authorized or executed under applicable nonbankruptcy law.

In *Real Homes*, this Court stated that "[i]t is generally accepted that a bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and must be dismissed." *Id.* at 7. It further noted this Court's prior decisions are consistent. *Id.* at 8 (citing *In re Quarter Moon Livestock Co.*, 116 B.R. 775, 90 I.B.C.R. 246 (Bankr. D. Idaho 1990); *In re Council Golf & Country Club, Inc.*, 82 I.B.C.R. 207 (Bankr. D. Idaho 1982)).[16]

## CONCLUSION

The UST's Motion and the pleadings of record present a prima facie case.

---

[14](...continued) lease" property of the estate); § 704 (trustee's duties). *See also* § 521(3) and (4) (debtor's obligation to cooperate with the trustee, and to surrender all property of the estate, and all books and records concerning such property, to the trustee).

[15] Debtor argues that the Ryans' trustee should be allowed an opportunity to "ratify" the filing. The argument is not persuasive. Even assuming the defective petition can be remedied through "ratification," this trustee has had over a month to analyze the matter, and has shown no desire to ratify Ron Ryan's unilateral and unauthorized acts.

[16] While the Court appreciates (and has often noted) that § 1112(b) motions raise a secondary issue of whether dismissal or conversion to chapter 7 best serves the interests of creditors and the estate, and acknowledges that the Motion here suggests conversion, the Court will dismiss the case. First, no evidence or helpful argument was presented on the question of which remedy was appropriate under the best interest language of § 1112(b). Second, and more importantly, if the filing was not authorized in the first place and the case was improperly commenced, dismissal seems not just warranted but required.

MEMORANDUM OF DECISION - 9

Ron Ryan lacked the authority and ability to file Debtor's instant chapter 11 case in December, 2005. Debtor presented no cogent defense or argument to the contrary.

The UST's Motion will be granted, and this case will be dismissed. The Court will enter an order so providing.

DATED: February 23, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10